ANNA K. ROULHAC, Executrix, v. JOHN MILLER and others.

*Judgment by default and inquiry in suit on bail bond—Measure of damages.*

1. A judgment by default final for want of an answer in a suit upon a bail bond cannot be sustained. It should have been interlocutory and the damages inquired of by the jury.

2. That the measure of damages for a breach of such bond is the amount of the debt recovered, is but the rule to guide the jury in assessing damages. (*Parker* v. *House*, 66 N. C., 374; *Parker* v. *Smith*, 64 N. C., 291; *Rogers* v. *Moore*, 86 N. C., 85; *Wynne* v. *Prairie*, *Ib.*, 73, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of ORANGE Superior Court, before *Gilmer, J.*

The defendants appealed.

*Messrs. Graham & Ruffin*, for plaintiff.
*Messrs. Gatling & Whitaker*, for defendants.

SMITH, C. J. The present suit is upon a written undertaking executed by the defendants, as sureties upon the discharge from arrest of the principal, William Garl Browne, against whom the plaintiff was then prosecuting her action for the recovery of a money demand. The undertaking is as follows:

ANNA K. ROULHAC, Executrix,  ⎫
        v.                    ⎬
    WM. GARL BROWNE.          ⎭

Whereas, the above-named Wm. Garl Browne has been arrested in this action, now, therefore, we, Wm. Garl Browne,

John Miller and John Gatling undertake in the sum of eight hundred dollars, that if the defendant is discharged from arrest, he shall at all times render himself amenable to the process of the court during the pendency of this action, and to such as may be issued to enforce the judgment therein. Witness our hands and seals this 7th April, 1882. (Signed and sealed by Browne, Miller and Gatling).

The plaintiff's complaint alleges the rendition of judgment for her in the action, in which the order of arrest was obtained, for the sum of $504, with interest from September 1st, 1875, and costs, the issue of a fruitless execution against the property of the debtor, the issue of process against his person and the inability of the officer to find him, and the breach of the defendants' obligation, for which she demanded judgment against them for $800, to be discharged by the payment of the judgment recovered.

No answer, deemed sufficient, having been put in, judgment by default, without an inquiry as to damages, was entered up at spring term, 1883, for the sum of $733.32, principal and interest computed to that date, with interest on $504 from April 2d and costs.

The defendants having failed to bring up the case by appeal, have applied for and obtained a writ of *certiorari*, under which the record has been transmitted and is now under review. (See same case, 89 N. C., 190).

There is error in entering up a final instead of an interlocutory judgment upon the complaint. The obligation assumed by the defendants was that their principal, the debtor, should "at all times render himself amenable to the process of the court during the pendency of the suit," and the breach consists in his failure to respond to the process which issued against his person. The recovery of damages therefor, whatever may be the rule for measuring them, is the relief to which the plaintiff is entitled, and they must be ascertained by a jury.

In *Parker* v. *House*, 66 N. C., 374, which was a suit upon a constable bond, and the complaint specified the different claims and their amounts alleged to have been lost by negligence, an interlocutory judgment was rendered for want of an answer, and in assessing damages it was insisted they were ascertained by the undenied specifications in the complaint, and other evidence before the jury was not required. But the court say that "the defendant by failing to answer admits this allegation" (the want of due diligence in making the collection), but does not admit the amount of damages, for this is the question to be determined upon proofs." *Parker* v. *Smith*, 64 N. C., 291.

The subject and the practice as affected by legislation are so fully considered in the recent cases of *Rogers* v. *Moore*, 86 N. C., 85, and *Wynne* v. *Prairie*, Ib., 73, as to dispense with any renewed examination. The rule we deduced and laid down is clearly recognized and embodied in the amended form in which section 217 C. C. P. appears in section 385 of THE CODE.

Final judgments are now allowed upon a default when a verified complaint "sets forth one or more causes of action, each consisting of an *express or implied contract to pay absolutely or upon a contingency a sum or sums of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation.*

The authorities cited in the argument at last term, upon hearing the application for the writ of *certiorari*, seem to fix the measure of damages for a breach of the bail bond at the amount of the debt recovered, but if so, it is a rule to guide the jury in determining the damages in an inquiry before them, to be acted on by them, but not in the summary way pursued in the present case.

There is error in the judgment and it must be modified and made interlocutory, and the damages inquired of by the jury.

This will be certified that the cause may proceed to a judgment final in conformity to this opinion.

Error.                                                    Reversed.