P. F. PATTON v. H. Y. GASH.

*Appeal—Assignment of Error—Arrest and Bail—Surety— Judgment.*

1. An appeal from the judgment of a Justice of the Peace discharging one who has been arrested in a civil action vacates the judgment, and the order of arrest continues in force pending the appeal.

2. After judgment in an action in which the defendant might have been arrested, and in which an order of arrest was duly served, the plaintiff is entitled to a summary judgment against the sureties upon the defendant's undertaking—it appearing that execution has been issued against his property and person without effect.

3. The Supreme Court will not entertain exceptions which were not assigned below, or do not appear in the record proper.

This action was originally commenced before a Justice of the Peace of HENDERSON County against A. C. Robertson,

and carried by appeal to the Superior Court of said county, and heard upon motion before *McRae, J.,* at Spring Term, 1887, for judgment against the surety on an undertaking.

At the time of issuing the summons the plaintiff made an affidavit that the defendant Robertson "is not a resident of this State but has disposed of and removed all of his property from this State to the State of South Carolina, with the intent, as affiant is informed and believes, of defrauding his creditors," and gave the undertaking required for arrest and bail. Thereupon an order of arrest was issued, under which Robertson was arrested by the Sheriff and gave bail in accordance with § 299 of *The Code,* the defendant H. Y. Gash signing the written undertaking as one of his sureties.

The cause was continued by consent to the 14th of March, 1885, when the plaintiff filed a written complaint alleging that Robertson was indebted to him in the sum of $211.15 (but remitting the excess above $200), and that he had removed from this State and was a resident of the State of South Carolina. The defendant Robertson answered orally denying the allegation of the complaint and moved for his discharge from arrest.

The action was tried before the Justice upon the question of indebtedness to the plaintiff, and "after hearing the proofs, allegations and arguments, the Court ordered and adjudged that the defendant be discharged from arrest and plaintiff pay the costs of this action."

From this judgment the plaintiff appealed to the Superior Court.

At the Spring Term, 1886, of the Superior Court upon issues submitted to the jury it was found that Robertson was indebted to the plaintiff in the sum of $200, with interest, &c., for which, and for costs, judgment was rendered in favor of the plaintiff.

Upon this judgment execution was issued returnable to Fall Term, 1886, of the Superior Court, and the Sheriff

made return thereon, "no goods, chattels, lands or tenements to be found in my county, State," &c.

Thereupon the plaintiff caused execution to be issued against the person of the defendant, to which the Sheriff made return, "due search made and defendant not to be found."

Thereupon plaintiff caused notice to be served upon the defendant Gash of a motion for judgment against him as one of the sureties upon the undertaking signed by him as bail. This motion was heard before McRae. J., at Spring Term, 1887, when it was adjudged that the plaintiff recover of the defendant Gash, "surety upon the undertaking aforesaid, the sum of $200."

From this judgment the defendant Gash appealed to this Court.

*Messrs. E. C. Smith* and *Theo. F. Davidson,* for the plaintiff.
*Mr. S. V. Pickens,* filed a brief for the defendant.

DAVIS, J., (after stating the case). No exceptions appear in the record to have been taken or errors assigned in the Court below, but the following errors are alleged in this Court:

1. The judgment against the appellant was rendered upon a state of facts found by the Judge without any waiver by the appellant of his rights to have such issues or questions of fact determined by a jury.

2. No judgment should have been rendered against the appellant as surety until the alleged fraud had been fixed upon the defendant Robertson by a judgment.

Counsel for the plaintiff moved to affirm the judgment of the Court below because there are no assignments of error and none appear upon the face of the record.

As to the first exception, the record does not show what issues or questions of fact, or that any issues or questions of

fact, were asked to be submitted to a jury and refused, nor in fact does it appear that any questions of fact were determined or found by the Judge except such as arose upon the record and were determined by an inspection of the record. The exception was not taken below, was not assigned as error in the record, and, as has been often held by this Court, will not for that reason be considered by us.

As to the second exception, the appellant insists that the error alleged is one that appears upon the face of the record; that the record proper shows that judgment against Robertson (for whom the appellant was bail) was for the debt only, and as no question of fraud had been tried, upon the rendition of the judgment, Robertson himself was discharged from arrest, his person could not be taken in execution, and therefore the Court had no *jurisdiction* as to the bail (the defendant Gash) and could render no judgment against him. That when the Justice of the Peace gave judgment discharging Robertson the bail ceased to be liable.

The last proposition is met by the fact that there was an appeal from the Justice's judgment, which vacated it and the liability of the bail was not discharged but continued, and the first proposition is based upon a misconception of the character of the defendant's undertaking as bail, and of § 447 of *The Code.*

What was the defendant's undertaking, and how was it to be discharged?

Robertson had been properly arrested in accordance with the provisions of § 291 *et sequiter* of *The Code,* and the defendant Gash had become his bail by executing an undertaking as required by § 299 of *The Code,* "that the defendant (Robertson) shall at all times render himself amenable to the process of the Court during the pending of the action, and to such as may be issued to enforce the judgment therein."

SEC. 303 provides that " the bail may be exonerated either by the death of the defendant, or his imprisonment in a State

prison, *or by his legal discharge from the obligation to render himself amenable to the process, or by his surrender to the Sheriff of the county where he was arrested, in execution thereof, at any time before final judgment against the bail.*"

The defendant says that the process issued against the person of Robertson was not warranted by § 447 of *The Code.* That section provides: " If the action be one in which the defendant *might have been arrested,* an execution against the person of the judgment debtor may be issued to any county within the State, after the return of an execution against his property unsatisfied in whole or in part. But no execution shall issue against the person of a judgment debtor *unless an order of arrest has been served, as provided in Title Nine, sub-chapter one of this chapter, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by § 291.*"

In the present case *an order of arrest* had been properly issued and *served,* in compliance with Title IX, &c., and it was therefore the duty of the Clerk to issue the execution as required by §§ 442, 447, of *The Code. Kinney* v. *Laughenour* 97 N. C., 325.

The case of *Roulhac* v. *Miller et al.,* 90 N. C., 174, is relied on by the defendant for the position that no such judgment as was rendered in this case could be entered against the bail. That was an independent *action* brought against the defendants on their undertaking as bail for Brown. This is a *motion in the cause* against the bail on notice, in accordance with § 302 of *The Code,* which, it will be observed, is unlike § 160 C. C. P., which requires that the proceeding against bail should be by *action.* It is manifest that the purpose of the change was to substitute a summary remedy against the the bail, for the *action* in C. C. P., 160, and was probably suggested by PEARSON, C. J., in *The Ins. Co.* v. *Davis,* 74 N. C., 78.

The ground for the arrest had been properly set forth and the order for arrest obtained and served *before* judgment, and the case is therefore unlike that of *Peebles* v. *Foote,* 83 N. C., 102, in which it was held that the plaintiff in that case had no right to an " execution against the person of the defendant Foote without having first obtained an order of arrest and its service before judgment." Here there was both an order of arrest and service before judgment. *Roulhac* v. *Brown,* 87 N. C., 1.

The plaintiff having had execution against the person of Robertson it was his duty to surrender himself, or of his bail to surrender him in discharge of his liability. *Sedberry* v. *Carver,* 77 N. C., 319.

There was a lawful arrest before judgment, and this distinguishes the case before us from *Houston* v. *Walsh,* 79 N. C., 35.

It may also be distinguished from the case of *Claflin* v. *Underwood,* 75 N. C., 485, in which the defendant was arrested under execution against his person, and on writ of *habeas corpus* was discharged because by *consent* judgment was taken for the debt only, though we think the proper mode of discharge of a debtor under arrest is that pointed out in *Wingo et al.* v. *Hooper,* 98 N. C., 482.

Affirmed.