### LEWIS v. JONES.

1. INJUNCTION—REFERENCE—DAMAGES.—Dismissal of complaint for lack of evidence to sustain its allegations carries with it dissolution of temporary injunction, and it is proper thereafter to refer question of damages by reason of injunction secured by injunction bond. *Garlington* v. *Copeland,* 43 S. C., 396, *explained.*

2. JUDGMENT.—ORDER construed to leave open amount of damages arising from injunction and not to leave open question of dissolution of injunction.

Before BENET, J., Hampton, October, 1901.    Affirmed.

Action by M. A. Lewis against E. M. Jones, Hampton Jones, Paul Jones and W. R. Mew.   From order referring question of damages arising from injunction, plaintiff appeals.

*Mr. W. J. Thomas,* for appellant, cites: Code of Civil Prac., 243; 43 S. C., 396; High on Inj., sec. 1685; 45 S. C., 321.

*Mr. Cornelius J. Colcock,* contra, cites: 64 S. C., 440; 46 S. C., 4; 2 Beav., 70; 136 Ill., 135; 25 Miss., 253, 149; 70. Miss., 225; 37 How. Pr., 148; Fed. Cases, No. 2983; 74 Ga., 201; 7 How. Pr., 140; 18 Cal., 625; 18 Ill., 309; 2 Abb. New Code, 191.

February 6, 1903.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appeal herein is from an order of reference, to ascertain the amount of damages, if any, for which the plaintiff is liable by reason of the written undertaking entered into by him, upon obtaining an order of injunction.   The complaint alleges that the plaintiff is owner in fee and in possession of the land therein described; that the defendants with force and arms entered upon said land, pulled down, cut up and burnt 130 panels of board fencing,.

pulled down and destroyed six panels of garden fencing, and cut down and destroyed five shade trees; that the defendants threatened to re-enter said premises and destroy the fences as soon as they are rebuilt by the plaintiff; and the defendants are unable to respond in damages for the injuries inflicted by them, which were alleged to be $500. On reading and filing the verified complaint, his Honor, Judge Norton, issued a rule to show cause before him, on the 26th of March, 1894, why an injunction should not issue restraining the defendants from entering upon said land or disturbing the plaintiff's possession thereof. On hearing the return to the rule to show cause, his Honor granted the injunction, but provided in the order that the plaintiff should execute an injunction bond in the sum of $300, with one or more sureties. The plaintiff executed the required undertaking, which contained the following provision: "Now, the condition of this obligation is such that if the above bounden plaintiff, M. A. Lewis, shall pay all damages which the defendants in said suit may sustain, in consequence of said injunction being granted, should the same be hereafter dissolved, then this obligation to be void; otherwise to be of full force and virtue." By consent of counsel both for plaintiff and defendants, all issues of law and fact were referred by the Court to W. H. Townsend, as special referee. The referee made his report, concluding as follows: "The testimony being insufficient to establish or show title in the plaintiff, as alleged in the complaint, I conclude as matter of law that the plaintiff's complaint should be dismissed for failure of proof, and judgment entered accordingly." It does not appear that there were any exceptions to this report. On the 10th of February, 1898, his Honor, Judge Watts, signed an order that the said report be confirmed in all respects, and that the defendants have leave to enter up judgment, dismissing the action and for their costs. His Honor, Judge Benet, on the 19th of October, 1891, granted the following order: "Whereas, judgment has been rendered in the above case in behalf of the defendants, and ascertainment of damages sustained by

the defendants in consequence of the injunction heretofore granted remains to be settled: Ordered, that it be referred to G. H. Buckner, an attorney of this Court, to ascertain and report what damages, if any, have been sustained by reason of the injunction."

The appellant's first exception is as follows: "I. His Honor erred in granting an order of reference herein to ascertain the amount of damages due defendants by plaintiff for obtaining an injunction restraining the defendants from committing waste on the property in dispute until the case could be heard on its merits, the injunction never having been vacated and no Court having finally decided that plaintiff was not entitled to the injunction, and such fact being clearly shown to the Court at the time of granting the order of reference." Section 243 of the Code of Civil Procedure is as follows: "When no provision is made by statute as to security upon an injunction, the Court or Judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the party enjoined such damages not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the Court shall finally decide that the plaintiff was not entitled thereto. The damages may be ascertained by a reference or otherwise as the Court shall direct." It will be observed that the statute requires an undertaking on the part of the plaintiff that he would pay to the party enjoined such damages as he might sustain by reason of the injunction, if the Court should finally decide that the plaintiff was not entitled thereto. The conditioned words of the undertaking are in accordance with the requirements of the statute, and make the liability of the plaintiff dependent upon the dissolution of the injunction after the execution of the undertaking. The order of his Honor, Judge Watts, was a final decision that the plaintiff was not entitled to the injunction, and its effect was to dissolve the injunction theretofore granted. *Greenville* v. *Mauldin,* 64 S. C., 438. There are expressions in the case of *Garlington*

v. *Copeland,* 43 S. C., 396, which seems to indicate that an action could not be brought on the undertaking to recover damages sustained by reason of the injunction, when it was not dissolved until the final decision on the entire case. But the language used in that case must be construed with reference to the question which was under consideration by the Court, viz: whether the claim of the defendant that he had been damaged to the amount of the *attorney's fee* paid by him for the purpose of having the injunction dissolved could be sustained. The Court held that it could not, when the injunction was not dissolved until the final decision upon the merits of the case. If the language of that case shall be construed to be applicable to other damages sustained by reason of the injunction, it would practically destroy the protection intended to be afforded the defendant by the statute and the undertaking. There is an interesting discussion of the question in *Columbus H. V. & T. R. Co.* v. *Burke,* 32 L. R. A. (Ohio), 329, especially by the Justice who filed a dissenting opinion. This exception is overruled.

The second exception is as follows: "II. His Honor erred in refusing to decide the issue as to whether defendants are entitled to recover damages or not herein against plaintiff for obtaining the injunction, he being called upon to decide the issue and having before him all the data, namely: The restraining order and rule to show cause, the injunction and the injunction bond, and the order confirming the referee's report, and dismissing the complaint, and it being made clear to him that no Court has ever decided that an injunction was wrongfully granted, and that same had not been vacated." As hereinbefore stated, the effect of Judge Watts' order was to decide that the injunction was wrongfully granted, and that it fell when the complaint was dismissed. This exception is also overruled.

The third exception is as follows: "III. That said order is nugatory on its face: a. Because it orders a reference to ascertain the amount of damages, if any be due, for the wrongful obtaining of an injunction before it is decided

that such injunction was wrongfully granted.  b. Because said order leaves open the very issue that must be decided before the law allows any damages for obtaining such an injunction, as this, granted under section 243 of the Code of Civil Procedure." Assignment of error "a," is disposed of by what was said in considering the other exceptions.

We proceed to consider assignment of error "b." If his Honor, Judge Watts, intended to leave open the question whether the injunction was wrongfully granted, he was in error, as this question has already been determined, and that part of his order should be struck out. But our construction of his order is that he simply intended to leave open the question which had not been disposed of when the complaint was dismissed, to wit: the amount of damages, if any, sustained by the defendants in consequence of the injunction. This question was left open even without an order to that effect. Nowhere in his order does he say that the question whether the injunction was wrongfully granted was left open. He did not wish to be understood as intending to adjudicate any of the questions that might properly arise in ascertaining the defendants' damages.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.