## BATSON v. PARIS MOUNTAIN WATER CO.

INJUNCTION—DAMAGES—AMENDING PLEADINGS—MALICIOUS PROSECUTION. No action lies for damages resulting from obeying injunction, *pendente lite,* granted in an unsuccessful injunction suit, no injunction bond having been executed according to order granting injunction, and a complaint which does not allege the execution of a bond but the facts by which plaintiff was damaged because of obeying the injunction, states no cause of action, but may be amended so as to state a cause of action for damages resulting from obeying an injunction improperly and improvidently obtained.

Before GAGE, J., Greenville, April, 1905. Affirmed.

Action by Eugene Batson against Paris Mountain Water Company. From order overruling demurrer and allowing plaintiff to amend his complaint, defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant. *Mr. Cothran* cites: *Amendment improperly allowed:* 24 S. C., 474; 18 S. C., 316; 64 S. C., 493; 21 S. C., 225; 24 S. C., 165; 31 S. C., 204; 23 S. C., 145; 58 S. C., 468; 59 S. C., 137; 68 S. C., 567; 50 S. C., 397; 70 S. C., 270; 2 Brev., 75; 81 Am. & D., 245; 57 Ill., 294; 35 Ill., 304; 19 Ency., 650.

*Messrs. McCullough & McSwain,* contra, cite: *Amendment was properly allowed:* 50 S. C.,397; 43 S. C., 276; 32 S. C., 145; 10 S. C., 101; 1 Ency. P. & P., 590; 30 S. C., 564; 37 S. C., 341; 53 S. C., 315; 54 S. C., 114; 70 S. C., 243; 63 S. C., 311; 30 S. C., 564; 21 S. C., 242; 31 S. C., 204; 24 S. C., 165; 58 S. C., 468; 19 Ency., 651, 652; 16 Ency., 453;; 1 Cyc., 650; 19 Ency., 652.

February 27, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was instituted in the Court of Common Pleas for Greenville County, June the 20th, 1904. On July 10th, 1904, the defendant served de-

murrer. On July 22d, 1904, plaintiff served notice of amendment to the complaint. The case was heard upon demurrer and motion to amend, by Judge Gage, at Greenville, November term, 1904. On April 14th, 1905, he filed an order overruling the demurrer and allowing the amendment. From this order the defendant in due time gave notice of intention to appeal. To understand this appeal, it will be necessary to copy the complaint, the demurrer, the amendment allowed, the order of the Circuit Judge and the grounds of appeal.

*The Complaint.* "1. That the defendant is and was at the times herein mentioned a corporation duly chartered by and under the laws of the State of South Carolina, with power to sue and be sued, and exercising a franchise for the purpose of supplying water to the residents of the city of Greenville.

"2. That on or about the 28th day of July, 1903, the defendant above named instituted an action against this plaintiff for the purpose of restraining and enjoining this plaintiff from exercising the rights of ownership over certain real estate owned by this plaintiff in said county and State. That defendant secured a restraining order forbidding this plaintiff to use his premises in certain respects therein set forth, and requiring this plaintiff to show cause on August 1, 1903, why such order should not be made permanent, or continued until the final hearing of the cause, and the condition existing on said premises and characterized by the defendants as a nuisance should be removed. That upon the hearing of said case upon the return thereto by this plaintiff, his Honor, Judge James Aldrich, passed an order requiring this plaintiff to remove the hog pen and hogs from the locality in which they were placed, as alleged in the bill of complaint, and further it was ordered that this plaintiff be restrained and enjoined during the pendency of that action, or until the further order of the Court, from locating, maintaining and keeping any hogs or hog pens upon the streams running through his premises and into Mountain

24—73

Creek, the source of the water supply of the defendant. Said order further provided that the Paris Mountain Water Company execute a bond in the sum of three hundred dollars, to indemnify this plaintiff against any loss to him occasioned on account of said injunction, and furthermore ordered said bond to be executed within ten days from the date of said order.

"3. That thereupon this plaintiff complied with the terms of said order, and continued so to do until the final hearing of the cause. That at the November term, 1903, of this Court, said cause could not be brought to trial over the objection of defendant's counsel, that the same had not been placed upon the docket the requisite length of time, and thereupon this plaintiff made an effort to have the amount of said bond increased from three hundred dollars to one thousand dollars, in order to more fully indemnify this plaintiff for such damages as he had already sustained and was then imminent on account of said injunction order.

"4. That at the March term of Court, 1904, the said cause was called for trial and issues were duly framed by his Honor, the presiding Judge, James C. Klugh, and submitted to a jury, and answers were duly rendered by said jury in all respects agreeing to the contention of this plaintiff with reference to the merits of said controversy, and finding that this plaintiff did not, at the time of the service of the amended complaint in the original action brought by the Paris Mountain Water Company against this plaintiff, maintain a nuisance such as would seriously affect the health of the citizens of Greenville.

"5. That thereafter, on April 14th, 1904, his Honor, Judge James C. Klugh, passed an order dismissing the complaint of the Paris Mountain Water Company against this plaintiff, and the said action then and there ended, and thereafter the costs in said action were duly taxed and judgment therefor entered up against the defendant herein.

"6. That on account of the observance by plaintiff of the terms of the order of injunction of his Honor, Judge James

Aldrich, this plaintiff has been greatly damaged by reason of the interruption of his usual and ordinary business as a dairyman by reason of this prevention of his raising hogs for his own use and for sale, which was a profitable business, and also by reason of this plaintiff's inability to secure good and suitable tenants and laborers for his farm lands on account of the existence of said injunction order, and this plaintiff has been put to great annoyance and expense in order to attend Court, to prepare for a proper defense to the action of the defendant herein and also in retaining and employing counsel, consisting of two law firms, for the purpose of having the action brought by the plaintiff, Paris Mountain Water Company, dismissed, and for the purpose of dissolving the injunction laid upon this plaintiff, which was the sole purpose of the original action instituted by the defendant herein against this plaintiff. That by reason of all the damages arising on account of the matters hereinabove alleged, this plaintiff has been damaged in excess of the amount of three hundred dollars, the sum fixed in the order of his Honor, Judge James Aldrich, as the amount for which bond should be given by the defendant herein, and has been further damaged in the sum of one thousand dollars.

"Wherefore, this plaintiff prays judgment against the defendant for the sum of three hundred dollars on account of said bond by reason of damages sustained by this plaintiff as aforesaid, and for the further sum of seven hundred dollars damage sustained by this plaintiff on account of the unlawful and improvident securing of said injunction order and sustained by this plaintiff in the observance of the terms of said order."

*Demurrer.* "The defendant demurs to the complaint herein upon the ground that it does not state facts sufficient to constitute a cause of action.

"Wherefore, the defendant demands judgment that the complaint be dismissed.

*Specifications of Demurrer.* "1. The complaint does not allege that any bond in injunction was given by the de-

fendant; it is, therefore, not based upon any injunction bond and does not state a cause of action thereon.

"2. The complaint shows that the plaintiff voluntarily complied with the order of Judge Aldrich, which was effective only upon the Water Company giving the injunction bond required.

"3. The defendant is not liable in damages for simply serving out the injunction conditioned upon its giving bond, nor for damages incurred by Batson in complying with the order of injunction before the bond was given.

"4. The complaint discloses a suit for damages against the defendant for simply having prosecuted against the plaintiff an unsuccessful suit for injunction, which manifestly states no cause of action."

Motion to amend complaint by adding: "First, that said action was instituted by the Paris Mountain Water Company against the plaintiff without probable cause, and for the purpose of maliciously vexing, annoying and harassing, the plaintiff into a sale of said property to the defendant herein at a price far below the value thereof and for the purpose of distracting the public mind from the real cause of the impure and insufficient supply of water then being furnished to the public of the city of Greenville by the defendant herein; and the seeking and securing of an order of injunction herein was an abuse by the defendant, Paris Mountain Water Company, of the judicial process of this Court, and the failure of the defendant, Paris Mountain Water Company, to file a bond pursuant to the order of this Court for the purpose of indemnifying this plaintiff against damages suffered by reason of said injunction order was a wrong to this plaintiff and an abuse of the process of this Court."

*Order of Judge Gage.* "A formal order, without argument, was made herein December 19th, 1904. It turns out that counsel desired to argue the issues and elaborate arguments have been submitted on each side.

"The defendant demurred to the complaint, upon the ground it does not state facts sufficient to constitute a cause

of action.   Thereupon plaintiff moved to amend complaint
by adding a new paragraph thereto.   So that there are two
motions, one by the defendant to dismiss the complaint, and
one by the plaintiff to amend the complaint.

"On the demurrer the complaint must speak for itself; it
cannot be added to or subtracted from by statement of coun-
sel, nor by the record in another cause out of which this
cause sprung.   It is not clear from a close inspection of the
complaint whether it was intended for a suit on the injunc-
tion bond, or a suit for simply an unsuccessful action for
injunction prosecuted against Batson by the Water Com-
pany, or a suit for a malicious prosecution of Batson by the
Water Company.   It might be inferred from the complaint
that it was a suit on the bond.   True, the pleading does not
allege, in so many words, the execution of the bond; but it
does so inferentially, for it alleges that Judge Aldrich
ordered the bond to be executed within ten days from the
date of the order, and it further alleges that in November,
1903, Batson 'made an effort to have the *amount of the bond*
increased from $300 to $1,000, in order to more fully in-
demnify him.'   The first pleading gives no hint that the bond
was never executed, but on the other hand asks for 'judg-
ment for the sum of $300 on account of said bond,' etc.   I
think the complaint might be sustained as one on the injunc-
tion bond, subject, however, to the right of the Water
Company to have it made more definite.

"If the complaint was intended for a suit against the
Water Company for simply having prosecuted against Bat-
son an unsuccessful action for injunction, it will manifestly
not lie.   The penalty of an unsuccessful civil action is not
in turn another action by the successful defendant against
the unsuccessful plaintiff.   Every citizen has the legal right
to prosecute his suit against another citizen when he does so
in good faith; and the only penalty if he lose, is the loss.

"Again, it is clear the complaint cannot be sustained as
one for 'malicious prosecution,' for there is no allegation in
it tending to charge the Water Company with malice in the

suit for injunction it brought against Batson; nor is there any allegation that the Water Company had no probable cause for bringing suit for injunction. It may be these allegations were omitted through oversight. The proposed amendment makes these allegations. It also appears in the proposed amendment, for the first time in the pleadings, that the injunction bond ordered by Judge Aldrich was never, in fact, executed.

"If the first pleading states a case on the bond, then there is something to amend, and the amendment is allowable, even though it sets up another cause of action; for they sprang out of the same transaction, or transactions connected with the same subject of action. If, however, the first pleading stated no case, the amendment is yet allowable, and that though it sets up a wholly different cause of action in the place of that attempted to be set up in the complaint.

"It is true, our Courts have held in several cases, that where the complaint fails to state a case it is not subject to amendment. It is true, also, that our Courts have held that even though a complaint fails to state a case, yet it may be subject to amendment. The line which divides the two classes of opinions is not always discernible.

"In this case, however, it is plain that Batson based his cause of action on the wrong which the Water Company is charged to have done him by the injunction suit. If in reciting that wrong he has omitted these allegations which the law of pleading requires to be made, shall he be now hushed? The law of pleading itself demands that allegations shall be liberally construed; and that a plaintiff may insert other allegations material to the case. The denial now of the amendment would not preclude the plaintiff from yet making the allegations in a new action. It would not end the case.

"But defendant's counsel earnestly urges that the amendment is not in furtherance of justice. That depends on the truth of the facts alleged in the proposed amendment. If the Water Company proceeded against Batson in good faith,

then it had a right so to proceed, and ought not to be molested for its action. If the Water Company proceeded against Batson with an evil heart, to vex and injure him, and without probable cause for a suit, then it ought to be liable to him for any wrong done him. Why the Water Company did proceed against Batson, is a question of fact which a jury of just men ought to determine rightly.

"I am of the opinion that the demurrer is not well taken, for the reasons stated; but that even though it be well taken, the proposed amendment is allowable."

From this order the defendant has appealed on the following grounds:

"I. His Honor erred in not sustaining the defendant's demurrer to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action, in that it appears upon the face of the complaint that the plaintiff voluntarily complied with the order of Judge Aldrich, therein referred to, which order was effective only in the event of the plaintiff in that action giving bond as required, and it is not alleged that any such bond was ever given.

"II. The facts in the complaint did not present a cause of action in favor of the plaintiff against the defendant for the reason that the defendant was not liable in damages to the plaintiff for suing out an order of injunction which was obtained conditional upon its giving bond; nor for damages incurred by the plaintiff in this action for complying with said order before a bond was given.

"III. The complaint does not allege that any bond in injunction was given by the defendant; it is, therefore, not based upon any injunction bond and does not state a cause of action thereon.

"IV. The complaint discloses a suit for damages against the defendant for simply having prosecuted against the plaintiff an unsuccessful suit for injunction, which manifestly states no cause of action.

"V. His Honor erred in allowing the amendment proposed by the plaintiff in this action, for the reason that the said proposed amendment changes entirely and substantially the cause of action alleged in the original complaint.

"VI. His Honor erred in holding that the amendment proposed is allowable under section 194 of the Code, for the reason that the amendment proposed entirely and substantially changes the cause of action stated in the original complaint and states a wholly different and new cause of action when the original complaint stated none.

"VII. Error in holding: 'It might be inferred from the complaint that it was a suit on the bond.' Specifications: The complaint does not purport at any point to allege a cause of action upon an injunction bond; it is not alleged that any such bond was executed; it is not alleged that any breach of such bond was committed by defendant; the complaint alleges that the plaintiff suffered certain specified damages by reason of his observance of the order of injunction; the complaint alleges damages in excess of the amount of the bond required to be given; it was intended to state a cause of action independent of the bond.

"VIII. Error in holding: 'I think the complaint might be sustained as one on the injunction bond.' Specifications: The complaint does not purport at any point to allege a cause of action upon an injunction bond; it is not alleged that any such bond was executed; it is not alleged that any breach of bond was committed by defendant; the complaint alleges that the plaintiff suffered certain specified damages by reason of his observance of the order of injunction; the complaint alleges damages in excess of the amount of the bond required to be given; it was intended to state a cause of action independent of the bond.

"IX. Error in holding: 'If the first pleading states a case on the bond, then there is something to amend and the amendment is allowable even though it sets up another cause of action; for they spring out of the same transactions connected with the same subject of action.' Specifications: (a)

The first pleading did not state a case on the bond. (b) If it did, the proposed amendment did not purport to add allegations material to such cause of action. (c) It does not purport to allege a second cause of action springing out of the same transaction or transactions connected with the same subject of action. (d) It purports to change the cause of action (if it be on the bond) to one of malicious prosecution, an entirely new, distinct and separate cause of action. (e) The complaint was intended for a suit against the defendant for simply having prosecuted against Batson an unsuccessful action for injunction. It states no cause of action at all. There was, therefore, nothing to amend by.

"X. Error in holding: 'If, however, the first pleading stated no case, the amendment is yet allowable, and that though it sets up a wholly different cause of action in the place of that attempted to be set up in the complaint.' Specifications: Amendments are allowable for the purpose of adding allegations material to the case defectively stated in the complaint and not for the purpose of stating a wholly different or new cause of action from that attempted to be set up in the original complaint.

"XI. The amendment is improper for the reason that an action for malicious prosecution of a civil action lies wholly where the defendant upon such prosecution has been arrested without cause and deprived of liberty, or made to suffer either special grievance in person or property different from and superadded to the ordinary expense of a defense, none of which are alleged in said amended complaint."

We will now examine these exceptions under the two heads. First, the demurrer interposed by the defendant to the plaintiff's complaint. We have reproduced the complaint so that we may the more readily pass upon the causes of action set up therein. From its inspection it appears that Eugene Batson claims that he was damaged by the injunction sought and obtained from his Honor, Judge Aldrich, by which the said Batson was to be enjoined from having his hog pen with his hogs placed near the streams through Bat-

son's land emptying into Mountain Creek, the stream from which the Paris Mountain Water Company obtained water to supply the people of Greenville. His damages in said complaint were alleged to consist, *first*, in the loss itself from the hogs; *second,* in the cost of attendance upon Court in looking after said lawsuit, and also in hiring two firms of attorneys to upset the injunction; and *third,* the losses following upon his inability to obtain hands or farm laborers on account of said injunction. The said Batson in said complaint declares that the injunction was "the sole purpose of the original action instituted by the defendant herein against this plaintiff." The prayer of the complaint was both for the sum of $300, on account of the bond ordered by Judge Aldrich, and the further sum of $700, on account of the unlawful and improvident securing said injunction order, and sustained by the plaintiff in the observance of the terms of said order.

It seems to us that the complaint fails to state that the bond was signed by said Paris Mountain Water Company, but the claim growing out of the said bond is mentioned. Under these circumstances we conclude that the complaint fails to state a cause of action. The Circuit Judge, in effect, so holds. It may be remarked just here that there can be no cause of action predicated upon a right of action against the Water Company for simply having prosecuted against Batson an unsuccessful action for injunction. As was well remarked by Judge Brevard, in the case of *Thomas* vs. *Rouse,* 2 Brevard, 75: "To bring a civil action, though there should be no ground for it, is not actionable, unless for consequential damages." We sustain, therefore, the first four grounds of appeal.

But we have still remaining the exceptions relating to the amendment of the complaint. The section of the Code which is claimed by the Circuit Judge to authorize the amendment is section 194, which is as follows: "The Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or

proceeding * * * or by inserting other allegations material to the case." It seems to us that the Circuit Judge committed no error when he allowed the amendment. Certainly the plaintiff did complain of the injury wrought to him by the obtaining the injunction. All that the plaintiff seeks in the complaint as amended is to compel the defendant to pay damages to the extent of $1,000, because of said injunction improperly, as he alleges, and improvidently obtained, and these precise damages were set forth in the complaint. It seems to us that the two cases of *Ruberg* vs. *Brown,* 50 S. C., 397, 27 S. E., 873, and *Sutton* vs. *Catawba Power Company,* 70 S. C., 266, are directly in point. We must, therefore, overrule all the exceptions relating to the amendment of the complaint.

It is the judgment of this Court, that the order of the Circuit Court be, and it is, affirmed.