8004

CRAWFORD v. ATLANTIC COAST LUMBER CORPORATION.

1. INJUNCTION—DAMAGES.—Where an injunction is sustained in part, the defendant is entitled to such damages under the injunction bond as he has suffered by reason of so much of the injunction order as has not been sustained.

2. IBID.—IBID.—A party suffering damages by reason of an injunction cannot recover in that proceeding any amount in excess of the injunction bond.

3. APPEAL.—Here the issue of damages having been tried under an order of reference, without special pleading, the Court cannot say from the record that the point that a judgment for damages for

an amount in excess of the injunction bond would be beyond the jurisdiction of the Court, was not made below.

4. INJUNCTION—DAMAGES.—A party suffering damages by reason of an injunction may recover, upon its dissolution, an amount equal to the aggregate of the initial and appeal injunction bonds.

Before WILSON, J., Berkeley, March, 1911.   Modified.

Action by S. L. Crawford *et al.* against Atlantic Coast Lumber Corporation.   Plaintiffs appeal.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood*, for appellant, cite: *It is proper to refer case to master to ascertain the damage:* 10 S. C. 491; 27 S. C. 239; 70 S. C. 119; 1 Spelling's Ext. Rel., sec. 964; 2 Brev. 75; 73 S. C. 373; 95 Fed. 941; 16 Ency. 439. *Injunction bond is the only right of action defendant has:* Spelling, sec. 493; 19 S. C. 238; 122 Fed. 726. *Is plaintiff liable where dissolution is only partial?* 19 La. Ann. 78; 15 Id. 81; 29 Id. 149. *Is plaintiff liable at all?* Spelling, secs. 948, 956; 43 S. C. 398; 39 S. C. 427; 75 Fed. R. 867; 26 N. J. Eq. 97.

*Messrs. Willcox & Willcox, Henry E. Davis* and *Octavus Cohen,* contra. *Messrs. Willcox & Willcox* and *Davis* cite: *This Court will not consider a point not raised on circuit:* 43 S. C. 304; 44 S. C. 23; 64 S. C. 229, 543; 74 S. C. 306; 75 S. C. 25, 455; 76 S. C. 574; 78 S. C. 537. *Reference was to assess damages with no reference to bond:* 19 S. C. 230; 39 S. C. 427; Lawson's R. R. & P., sec. 3704; 29 Am. St. R. 716. *Injunction was dissolved as to rights of defendant:* 65 S. C. 157. *And plaintiff is liable for damages resulting:* 2 High. on Inj., secs. 1670, 1673, 1667; 22 Cyc. 1029. *Compensation is for actual loss:* 39 S. C. 427; 29 S. C. 447; 19 S. C. 223; 2 High on Inj., secs. 1663, 1673. *Damage to timber left standing is recoverable:* 19 S. C. 223.

September 6, 1911.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This action for injunction arose out of differences as to rights acquired by the defendant under contract for the sale of standing timber.   The plaintiffs obtained a temporary order of injunction, restraining the defendant from cutting any timber on nine hundred and fifty-four acres of the land described in the agreement, on the ground that the conveyance did not cover timber growing in the bays and branches.   The undertaking given under this order was conditioned that the plaintiffs would pay the "sum of three hundred dollars, being such damages as the defendant may suffer by reason of an injunction granted by an order of his Honor, Judge Charles G. Dantzler, on 28th day of April, 1906."   Upon motion before him, Judge Ernest Gary made an order on 15th June, 1906, dissolving the injunction ordered by Judge Dantzler.   The plaintiffs appealed from this order and obtained an order from Hon Y. J. Pope, Chief Justice, enjoining the defendant from cutting the timber described in the complaint pending the appeal.   Under this order the plaintiffs gave another undertaking conditioned for the payment of two hundred dollars "being such damages as the defendant may suffer by reason of an order granted by his Honor, Y. J. Pope, Chief Justice, of the Supreme Court of South Carolina, restraining and enjoining the defendant from committing any further acts of trespass and in cutting timber described in the complaint."   The Supreme Court reversed the order of Judge Gary and thus restored the order of injunction made by Judge Dantzler.

Upon hearing the case on the merits Judge Klugh sustained the contention of the plaintiffs and made a decree permanently enjoining the defendant from cutting any timber in the bays and branches, and rendered judgment in favor of the plaintiffs for the sum of eight hundred and twenty dollars, the value of the timber cut in the bays and

branches.    On appeal from this decree the Supreme Court reversed the judgment of the Circuit Court on this point, holding that the timber on all the land was embraced in the contract of sale; but adjudged further that the contract conveyed only timber measuring at the time of the sale nine inches in diameter twenty feet from the butt.

Thereafter an order was made by Judge Memminger referring the cause to the master "to take testimony relevant thereto and to assess and report the damage, if any, which the plaintiffs have sustained on account of the cutting by the defendant of any of the timber on the lands of the plaintiffs, which defendant was not under its contract entitle to cut, and to assess and report the damage if any which the defendant has sustained by reason of the issuing of the injunctions in this case, with leave to report any special matter."    The master reported that the plaintiffs had been damaged $68.83 by reason of the cutting by the defendant of timber under the size contemplated by the contract; and that the defendant had been damaged $529.13 by reason of the loss of trees which it had rightfully cut and which it was enjoined from removing.    Upon hearing argument upon exceptions filed by both parties to this report, the Circuit Court found the entire damages suffered by the defendant to be $3,677.81, and after deducting $68.83, the damages found by the master in favor of the plaintiff, decreed that the defendant should have judgment for the remainder, $3.608.98.

From this decree plaintiffs appealed.    The unsoundness of the first point raised by the exceptions is made obvious by the statement of it.    The contention is that since the injunction was sustained in part the defendant could recover no damages on account of it.    Stated more specifically, the proposition is that when a party is properly enjoined from interfering with or injuring the property of the plaintiff and by the same order at the instance of the plaintiff is deprived of the right of using his own prop-

erty, he has no redress under an undertaking which provides expressly for any damages he may suffer by reason of the injunction. It is obvious that a defendant can suffer no damages from being enjoined from violating the rights of another, and it is equally obvious that the losses which resulted from not being allowed to exercise his own rights are damages suffered by reason of the injunction. 2 High on Injunctions, sec. 1867.

The second point made by the exceptions is well taken. The Court was without power to give judgment in favor of the defendant for an amount in excess of the undertakings. The remedy of injunction invoked by the plaintiff, the protection against damage afforded by the undertaking, and the power of the Court to ascertain the damages by reference, or otherwise, are all statutory and are all interdependent; and it follows that the damages must be sought by the defendant in the same cause by enforcement of the undertaking, and that they are limited by the undertaking. It was expressly so held in *Batson* v. *Paris Mountain Water Co.*, 73 S. C. 368, 53 S. E. 500, and in *Myers* v. *Block*, 120 U. S. 206, 30 L. ed. 642. The decisions of the Courts of other States have been to the same effect whenever the question has arisen under similar statutes.

The defendant's contention, however, is that the point is not available to the plaintiffs because it was not taken in the Circuit Court. The general and well recognized rule relied on is not applicable here. We pass by the argument which might be made that the Court, in undertaking to give judgment for defendant in excess of that which the statute empowered it to give, went beyond its jurisdiction, because this Court cannot infer from the record that the point was not made in the Circuit Court that the judgment against the plaintiffs could not exceed the sum of the undertakings. There were no pleadings setting out the items and amount of damages claimed, and the

defenses to the claim; hence it was open to the plaintiffs to make any defense in evidence and in argument appropriate to the claims set up. There is nothing, therefore, in the record to show that this defense was not argued before the master. It is true that the master's report does not refer to it, and that it is not specifically mentioned in the exceptions to his report. But the absence of such references is not convincing that the point was not made, because on other grounds the master found against the plaintiffs a net amount less than the sum of the two undertakings, thus making references to the point in the exceptions inappropriate.

A mere inspection of the papers is sufficient to show that the undertaking given under the order of the Chief Justice was intended to supplement the undertaking given under the order of Judge Dantzler; and the defendant is therefore entitled to the protection of both undertakings. We do not understand that there is any serious contention that the defendant was damaged less than five hundred dollars, the sum of the two undertakings, and the evidence on that subject will not be recited. It is enough to say that the evidence shows beyond all doubt that the defendant was prevented from using much timber which belonged to it under the contract, which it had cut and which was lost by reason of the injunction, that the operation of its mill plant was so interfered with by the injunction against using its own timber that a heavy loss was incurred on that account, and that these losses, after deducting plaintiff's damages of $68.83, far exceed $500, the sum of the two undertakings.

The judgment of this Court is that the defendant is entitled to judgment against the plaintiffs and the sureties on their undertakings for the sum of five hundred dollars, and that the judgment of the Circuit Court be modified accordingly.

MR. JUSTICE HYDRICK *did not sit in this case.*