14725

WALKER v. PREACHER *ET AL.*

(198 S. E., 168)

*Mr. A. C. DePass,* for appellants,

*Mr. H. Klugh Purdy,* for respondents,

July 18, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action was instituted in the Court of Common Pleas for Beaufort County on May 20, 1937, by J. B. Walker against the appellant, W. B. Preacher, for injunctive relief enjoining the cutting by W. B. Preacher of certain timber situated on the lands of J. B. Walker. Thereafter, the respondents, Paul Boykin and Robert Boykin, were made parties by cross-complaint served upon them demanding a temporary injunction, enjoining the cutting of said timber by the respondents. The injunction bond was signed by the appellant, W. B. Preacher, as principal, and by the appellants, James I. Newsome and K. M. Johnson, as sureties. This temporary injunction was dissolved by the Circuit Court and the appellant, W. B. Preacher, appealed and obtained an order of supersedeas from this Court upon filing a bond in the sum of $1,000.00. This bond was signed by the appellant, W. B. Preacher, as principal, and the appellants, J. Milton Preacher and K. M. Johnson, as sureties. Said appeal not having been perfected within the time provided by law, same was dismissed by the Circuit Court.

While the injunction was of force the appellant, W. B. Preacher, attached a sawmill, the property of respondents. The attachment was vacated by the Circuit Court, and thereupon the appellant, W. B. Preacher, obtained a supersedeas order from this Court. The attachment bond was signed by the appellant, W. B. Preacher, as principal, and the appellants, Mrs. J. R. Cole and T. J. Davis, as sureties. The supersedeas bond was signed by the appellant, W. B. Preacher, as principal, and the appellants, J. Milton Preacher and Herbert I. Smith, as sureties.

The Circuit Court, as heretofore stated, vacated the attachment and on appeal therefrom this Court sustained the lower Court and held that the complaint did not state facts sufficient to constitute a cause of action. *Walker v. Preacher et al.,* 185 S. C., 462, 194 S. E., 868.

By consent order of date February 7, 1938, the answer and cross-complaint of the appellant, W. B. Preacher, against the respondents, Robert and Paul Boykin, was dismissed, without an order of reference or a reservation of the power of reference for the purpose of assessing damages, if any, sustained by respondents. Thereafter, on motion of the respondents, Paul and Robert Boykin, Judge Stoll referred the issue of the amount of damages, if any, due under the penalty of the injunction and attachment bonds to a Special Referee.

The issues stated by appellant are:

"1. Does the Court have jurisdiction over the parties and subject matter, to grant an order of reference to ascertain damages on bonds given in the cause, on notice of a motion to that effect, when the record of the original cause shows that same has been finally ended and determined, without any reservation of right to refer?

"2. Upon timely objections made, can the Court by reference in the original cause, adjudicate liability of sureties on attachment bonds, and thus deny them the right to trial by jury in an independent action to which they are made parties by regular process by service of a summons?

"3. Does an order of reference in the original cause against sureties on attachment bonds, over their objections, amount to a denial of their constitutional right of trial by jury?"

Section 570 of the Code of Laws, 1932, provides: "When no provision is made by statute as to security upon an injunction, the Court or judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the Court shall finally decide that the plaintiff was not entitled thereto. The damages may be ascertained by a reference or otherwise, as the Court shall direct."

Appellant vigorously urges that the Circuit Court, by having ordered the answer and cross-complaint of the appellant, W. B. Preacher, dismissed without ordering or reserving the right to order a reference to ascertain the damages, if any, sustained by the respondents, Paul and Robert Boykin, lost jurisdiction and therefore had no authority to subsequently grant a reference for that purpose. Section 570 provides that in the event the Court shall finally determine that plaintiff is not entitled· to injunctive relief, "the damages may be ascertained by a reference or otherwise, as the Court shall direct." There is no absolute provision made by said section as to the period of time or the exact time within or at which application must be made for an order of reference to ascertain the damages, if any, sustained in such cases. The order of Judge Stoll dismissing the answer and cross-complaint of the appellant, W. B. Preacher, was .only an adjudication of the primary issue of the propriety of injunctive relief in the case at bar and in no manner affected the rights of respondents to make application for an order of reference or the jurisdiction of the Circuit Court to grant an order of reference to determine damages, if any, which had accrued

as the result of the injunction. As a matter of course, under the provisions of Section 570, the Circuit Court retained jurisdiction to adjudicate the question of damages, if any, sustained by the respondents, Paul and Robert Boykin, as the result of the injunction.

In the case of *Lewis v. Jones,* 65 S. C., 157, 43 S. E., 525, Mr. Justice Gary, speaking of the assessment of damages in such cases, observed (page 527) : " * * * But our construction of his order is that he simply intended to leave open the question which had not been disposed of when the complaint was dismissed, to wit, the amount of damages, if any, sustained by the defendants in consequence of the injunction. *This question was left open even without an order to that effect.* * * * " (Italics added.)

In the opinion in the case of *Walker et al. v. Oswald et al.,* 181 S. C., 278, 186 S. E., 916, this Court quoted with approbation the language of Mr. Justice Woods from the case of *Crawford v. Atlantic Coast Lumber Corporation,* 89 S. C., 456, 71 S. E., 1049, 1050. We here quote more at length therefrom:

"The remedy of injunction invoked by the plaintiff, the protection against damage afforded by the undertaking, and the power of the Court to ascertain the damages by reference, or otherwise, are all statutory and are all interdependent; and it follows that the damages must be sought by the defendant in the same cause by enforcement of the undertaking, and that they are limited by the undertaking. It was expressly so held in *Batson v. Paris Mountain Water Co.,* 73 S. C., 368, 53 S. E., 500, and in *Meyers v. Block,* 120 U. S., 206, 7 S. Ct., 525, 30 L. Ed., 642. The decisions of the Courts of other states have been to the same effect whenever the question has arisen under similar statutes."

We are of the opinion that the Circuit Court retained jurisdiction for the purpose of the assessment of damages, if any, sustained as the result of the injunctive relief granted.

Section 530 of the Code of Laws, 1932, provides: "Before issuing the warrant, the judge, clerk, or magistrate shall require a written undertaking, on the part of the plaintiff, with sufficient surety, to the effect that if the defendant recovered judgment, or the attachment be set aside by order of the Court, the plaintiff will pay all costs that may be awarded to the defendant and all damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking, which shall be at least two hundred and fifty dollars   *   *   *."

Attachment is a statutory remedy, unknown to the common law, and therefore we must be guided solely by legislation in determining the second issue presented by this appeal. Neither expressly nor by the slightest implication does Section 530 of the Code provide for any summary procedure for assessment of damages sustained by an attachment defendant as the result of the wrongful issuance of an attachment. In the absence of statutory provision, either express or implied, providing a summary method of assessing damages in such cases, it would be a gross usurpation of legislative powers and a violent infraction of well-settled legal principles of procedure by the judiciary to decree that damages be assessed in such manner. It necessarily follows, inasmuch as there is no special method or procedure for assessing damages prescribed in attachment cases by the statutory law of this State, a prevailing defendant must resort to the common-law remedy of bringing a separate civil action on the attachment undertaking.

In the case of *Mahoney et al. v. Tyler*, 136 N. C., 40, 48 S. E., 549, the Supreme Court of North Carolina, having before it for adjudication the precise issue presented here, under the North Carolina attachment undertaking statute, which is similar to our Code section, said (page 550):

"In the first place, 'all damages which the plaintiffs may sustain by reason of the attachment,' and which are secured

by their undertaking, must be assessed and recovered in a civil action upon the undertaking. 1 Shinn on Attachment & Garnishment, 182. There is no provision in the Code for the assessment of damages in the original action, and Section 356 clearly implies that the successful defendant must seek relief in a separate action on the undertaking. * * *

"There is no analogy between a proceeding like this and one for the assessment of damages against a defendant where property has been seized under a requisition in claim and delivery (*Hall v. Tillman,* 110 N. C., 220, 14 S. E., 745), nor where the defendant has been arrested in a civil action and held to bail (Code, § 302; *Patton v. Gash,* 99 N. C., 280, 6 S. E., 193) ; nor for assessing damages against the plaintiff where an injunction has been issued on his application (Code, § 341; *Timber Co. v. Rountree, supra* [122 N. C., 45, 29 S. E., 61])—*because the latter cases are governed by special statutory provisions.* * * * " (Italics added.)

There being no statutory provision regulating the assessment of damages in attachment proceedings, respondents must bring an independent action on the attachment bond. Such has been the general and accepted procedure in this State. *Thackston v. Shelton,* 178 S. C., 240, 182 S. E., 436.

As to the third issue presented by appellants, the discussion thereof is rendered unnecessary to the decision of this case by the consideration of the first and second questions involved.

The judgment of the Circuit Court referring the issue of damages on the injunction bonds is affirmed, but so much thereof as refers the issue of damages on the attachment bonds, is reversed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne and Mr. Acting Associate Justice A. L. Gaston concur.

Mr. Justice Carter did not participate on account of illness.