15605

HOILE v. NATIONAL SURETY CORPORATION

(28 S. E. (2d), 638)

April, 1943.

*Messrs. Wise & Whaley* and *Mr. Fred D. Townsend,* all of Columbia, S. C., Counsel for Appellant,

*Messrs. Bowen & Bowen,* of Greenville, S. C., Counsel for Respondent, 

January 6, 1944.

The unanimous Opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

There is pending a receivership of Unity Life Insurance Company in the Court of Common Pleas for Richland County to which there are many parties including the respondent in the instant appeals, who was president of the insurance company. Disposition by this Court of an appeal in the receivership proceeding is reported under the title of *Ex parte Rowley et al.* (*In re Morris v. Unity Life Ins. Co. et al.*), 200 S. C., 174, 20 S. E. (2d), 383.

In that action the receiver, in connection with his unsuccessful efforts to procure the appointment of a subsidiary receiver for property in possession of respondent, obtained successively two temporary restraining orders against the respondent from disposing of his property pending return and hearing. In each instance the appointment of a receiver was refused by the Court and the temporary restraint of the orders thereby terminated.

The orders were obtained upon rules to show cause in the main action, referred to above, and were granted upon the authority of Section 584· (4) of the present Code of Civil Procedure, 1942; and pursuant to the terms thereof the Court required a bond of $250.00 in each instance, and appellant became the receiver's surety and as such executed two bonds of $250.00 each, conditioned upon answering for any damages arising from the temporary restraining orders, provided that appointment of a receiver as sought would void the bonds.

After the termination of the restraining orders by reason of the refusal of the Court to appoint a receiver, for respondent's property, he brought two separate actions in the Court of Common Pleas for Greenville County against appellant in which he sought to recover as damages the amounts of the bonds referred to, $250.00, as a first cause of action in each complaint, and for a second cause of action he sought the recovery of alleged additional damages in the amount of $2,750.00 in each case by reason of the bond of appellant as receiver, called executive vice-president, of Unity Life Insurance Company, which had been required by the Court in the main action, above referred to, and executed by appellant as surety in the sum of $30,000.00, conditioned that the receiver "shall well and truly perform the (his) duties."

Thus there are two suits for alleged damages involved in this appeal, or rather these appeals, each upon two causes of action, the first in each complaint being for $250.00 and the second in each of $2,750.00. They were heard together upon demurrers to the complaints in the lower Court which disposed of them by one order, overruling the demurrers; that lead will be followed here and this single opinion and judgment will be applicable to both cases and to both appeals.

The briefs of appellant and respondent show no effort to comply with Rule 8 of this Court. There is no preceding statement of the questions involved, plainly required to be always printed on the first page of a brief, and the Court might well dismiss the appeals on that account. Certainly the counsel should review the cited rule and be governed hereafter in the preparation of briefs by its simple requirements. In this instance, however, the order appealed from has been considered in the light of the exceptions appearing at the end of the transcript of record and the latter fairly raise the considerations which are deemed to be controlling of the appeals, and they will be referred to in the following discussion.

The demurrers admit, of course, the allegations of the complaints, which latter include the following facts, to wit, that the respondent was successively twice temporarily restrained from disposing of or encumbering any of his property, except a limited amount for living expenses; that such orders were later dissolved, the rules dismissed and the appointment of a receiver refused, from which there has been no appeal although the movant was present and had notice and time for appeal has expired; and that damages from the improvident procurement of the restraining orders have resulted to respondent in excess of $3,000.00 in each case, detailing the same, but claim of recovery in the first cause of action of each complaint was limited to the sum of $250.00 as mentioned above, the amount of the bond furnished in connection with the obtention of each of the temporary restraining orders, respectively.

And then in the respective second causes of action recovery of the sum of $2,750.00 damages in each case is sought upon the general receivership bond, filed in the main action, as aforementioned, and the allegations are about the same as those in the first causes of action, including those mentioned above, with the additional allegation that the receiver *"wrongfully and maliciously* obtained a rule to show cause why a receiver should not be appointed to take charge of the property of plaintiff, and incorporated in said rule to show cause as a part thereof, was a temporary restraining order prohibiting the plaintiff from encumbering or in any way whatsoever disposing of any of his property," etc. (Emphasis added.)

There is no doubt that recovery, in any event of the litigation, against the appellant on account of the bonds furnished by it in connection with the alleged improvident procurement of the restraining orders will be limited to the penalties of the bonds, respectively, $250.00 in each case, for which amounts respondent is suing in his first causes of action in his complaints in the two suits. *Hill*

*v. Thomas,* 19 S. C., 230; *Crawford v. Lumber Corporation,* 89 S. C., 456, 71 S. E., 1049; *Bell v. Brinkley,* 159 S. C., 171, 156 S. E.; 348; *White v. Metcalf,* 174 S. C., 350, 177 S. E., 371; *Walker v. Oswald,* 181 S. C., 278, 186 S. E., 916; 70 A. L. R., 62, annotation.

Some of the South Carolina decisions just cited related to liability upon injunction bonds, in connection with suits purely or mainly for injunction, while the actions in hand concern temporary restraining orders, as we have seen; but no reason is perceived for difference in the liability upon bonds given in the two slightly differing (mostly technical) cases, and no decision of this Court has been cited which recognizes any difference. And respondent has conformed to this limitation upon his right of recovery by laying his damages at the amounts of the limits of liability of the surety upon the injunction or restraining order bonds —his first causes of action.

However, appellant contends that the Court of Common Pleas for Greenville County has no jurisdiction of the actions which arose in Richland County and further that only the Court of Common Pleas for the latter County has jurisdiction and that only in the main action in which the damages, if any, accruing to respondent must be ascertained by reference, citing *Crawford v. Lumber Corporation, supra,* 89 S. C., 456, 71 S. E., 1049, and authorities there cited. But we think the point untenable here for the reason that the *Crawford decision* was under the statutes relating to injunction suits, now Section 565 *et seq.,* 1942 Code, whereas the instant actions arise from the Code Sections relating to receivership, in which are not found the statutory requirements (relating to injunction suits) which the Court found controlling in the *Crawford case.* We find in the statutes no obstacle to the maintenance of actions at law upon bonds given pursuant to Section 584 (4) of the Code of 1942, which those here involved are, whether or

not the procurer of the temporary injunction or restraining order, later dissolved, is a receiver appointed by a Court.

The complaints are to the effect that appellant, a foreign corporation, is engaged in its surety business in Greenville County with a place of business and agents there, and was so at all the times alleged. We think it subject to the jurisdiction of the Courts there in respondent's suits upon the bonds (joint and several obligations of the makers) given to indemnify him from loss and damage resulting from the temporary restraining orders, if dissolved, for the reasons stated in *Chappell v. Fidelity & Deposit Co.*, 194 S. C., 124, 9 S. E. (2d), 592, the reasoning of which recent decision and the statement of the applicable statutes and other authorities there cited need not be now so soon repeated.

The foregoing conclusion relates only to appellant's liability upon its bonds of $250.00 each given in connection with the procurement of the restraining orders pursuant to Code Section 584 (4) and not to liability, if any there be, upon its receivership bond in the main action, which latter question will now be considered. Moreover, the decision just announced relates merely to the jurisdiction of the Greenville Court, attacked by the demurrers, and involves no consideration of the question of the power of the Court to change the place of trial, which latter question does not arise upon the record.

Respondent's second causes of action cannot stand. As stated, they are attempted suits upon the general receivership bond, against the surety alone, for damages additional to the amounts of the bonds given upon obtention of the restraining orders, in another Court than that of the receivership, and without any allegation of leave or permission of the latter Court.

The problem is encompassed within the following language of this Court used in denying a right to sue a receiver and his surety in a separate action, the main action having been formally ended by order. *Stone v. Mincey et al.*, 180 S. C.,

317, 185 S. E., 619, 622: "It is a rudimentary principle of equitable jurisprudence that once a court of equity assumes jurisdiction over a matter, it will retain it to give all necessary relief, even though it is thereby required to pass upon strictly legal questions, questions which would otherwise be triable in a court of law. The general doctrine is that a court of equity, by taking jurisdiction over a matter and appointing a receiver, draws to it the right to hear and determine all claims against its receiver and to completely adjudicate the receivership. We are aware of no principle or authority which would prevent proof of the fact that the receiver occupied the premises for receivership purposes and the period of his occupancy for said purposes in the court of original jurisdiction, if sufficient showing of mistake is made on motion to vacate and set aside the judgment in the original cause."

See, also, our case of *Sigwald v. City Bank,* 82 S. C., 382, 64 S. E., 398.

Suit against the bond of a receiver, an officer of the Court, is in substance a suit against the receivership funds, and omission to make the receiver a defendant should not serve to enable a plaintiff to subject the receivership to conceivably countless suits in a great many different Courts. Such would thwart the purpose of orderly and economical administration for the benefit of creditors—the primary purpose of a receivership.

The foregoing decision is reached in full knowledge of the provisions of Code Section 584 (8) with respect to bonds given under that chapter, that "any party entitled to the benefit thereof may sue the parties liable thereon in any court of competent jurisdiction." The answer to the seeming inconsistency is that the Court of appointment and service of a receiver is the only "court of competent jurisdiction" to entertain a claim upon the official bond required, and in the action in which the appointment was made.

This disposition of the appeals, which we think and hold to be the correct one, leaves unconsidered the question made in argument, whether the receivership bond is liable for malicious acts of the receiver (who is not a defendant in these actions), and possibly other points. Only those are determined which have been considered necessary for the decision of the appeals, and which are fully stated above.

The conclusion and judgment is that the demurrers to the second causes of action in the complaints should have been sustained, but they were properly overruled as to the first causes of action in each complaint; and the cases are remanded for further proceedings consistent herewith. The defendant, appellant, shall have twenty days from the filing of the remittiturs to plead to the first causes of action in the respective complaints; the second causes of action go out under this decision, but without prejudice to re-assertion of them in the proper forum, if respondent be so advised.

Affirmed in part; reversed in part.

MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.